Citation Nr: 1761245 
Decision Date: 12/27/17 Archive Date: 01/02/18

DOCKET NO. 09-23 254A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a cervical spine disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

E. Blowers, Counsel


INTRODUCTION

The Veteran, who is the appellant, had active service from March 1997 to July 1997, and from October 1997 to April 2006.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision of the RO in St. Petersburg, Florida, which, in pertinent part, denied service connection for a cervical spine disorder. 

The issue on appeal was previously before the Board in August 2013 and November 2015. In each decision, the Board, in pertinent part, remanded the issue on appeal for additional development. Further, in June 2017, the Board sought a Veterans Health Administration (VHA) opinion concerning the remaining issue on appeal. While cognizant of its responsibilities under Stegall v. West, 11 Vet. App. 268 (1998), as the instant decision grants service connection for the cervical spine disorder of cervical neck strain, which is a complete grant as to the remaining issue on appeal, the Board need not address Remand compliance at this time. 

The Veteran requested a hearing before the Board in the July 2009 substantive appeal, via VA Form 9. The record indicates that the Veteran did not attend the scheduled hearing in June 2013. As the Veteran has not presented any reasons for not attending the June 2013 Board hearing, the hearing request has been withdrawn. 38 C.F.R. § 20.702 (2017). The instant matter is a Veterans Benefits Management System (VBMS) appeal. The Board has reviewed both the VBMS and the "Virtual VA" files so as to insure a total review of the evidence.


FINDINGS OF FACT

1. During the course of this appeal, the Veteran was diagnosed with the cervical spine disorder of cervical spine strain.

2. Symptoms of cervical spine strain were present during active service.

3. Symptoms of cervical spine strain have been present since service separation.

4. The diagnosed cervical spine strain began during service.


CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran's favor, the criteria for service connection for cervical spine strain have been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.326 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and to Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C. §§ 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2017). As the instant Board decision grants service connection for cervical spine strain, which is a total grant as to the issue on appeal, no further discussion of VA's duties to notify and to assist is necessary.

Service Connection for a Cervical Spine Disorder

Service connection may be granted for disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 
78 F.3d 604 (Fed. Cir. 1996).

Cervical spine strain is not a chronic disease under 38 C.F.R. § 3.309(a). As such, the presumptive service connection provisions under 38 C.F.R. § 3.303(b) for service connection based on "chronic" symptoms in service and "continuous" symptoms since service are not applicable to the issue on appeal. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Veteran asserts that a currently diagnosed cervical spine disorder originated during active service. Specifically, the Veteran has advanced that current neck symptoms are related to the Veteran's treatment for neck pain during service. The Veteran has reported symptoms of a cervical spine disorder both in service and since service separation.

Regarding the element of current disability, review of the evidence of record shows that the Veteran was diagnosed with cervical spine sprain during the course of this appeal. The report from a June 2007 VA spinal examination reflects that a diagnosis of cervical spine strain.

The Board finds that the evidence is at least in equipoise on the question of whether the Veteran had the onset of symptoms of cervical spine strain in service and since service separation (i.e., whether cervical spine strain was "incurred in" service). Service treatment records reflect that in January 2006, approximately three months prior to service separation, the Veteran sought treatment for neck pain, which the Veteran believed was due to posture related to work as a dental assistant. The service physician diagnosed the Veteran with cervicalgia, and noted that the Veteran should be evaluated for chronic neck pain. 

The Veteran filed a claim for service connection for a neck disorder in December 2006, approximately eight months after separating from service. Per the claim form, the Veteran advanced having neck pain since 2004 (during service). Further, the Veteran reported not having received an examination at the time of service separation.

A VA general medical examination was conducted in June 2007. Per the examination report, the Veteran conveyed first noticing neck pain during service after long periods of work as a dental assistant, and that the neck pain had progressively worsened in frequency and severity since that time. At the conclusion of the examination, the diagnosis was cervical spine strain; however, no opinion was rendered as to whether the strain was related to the in-service neck pain. 

The Veteran received a new VA examination in October 2013. Per the examination report, the VA examiner reviewed VA medical treatment records. It was noted that in December 2009 the Veteran sought treatment for neck pain that the Veteran advanced began in service. Further, per the examination report, the Veteran conveyed first experiencing neck pain in 2003 while working as a dental assistant during service.

VA received negative VA and VHA direct service connection nexus opinions in December 2010, December 2015, and July 2017. All three negative opinions appear to be based, at least in part, on the absence of any VA post-service medical records diagnosing and/or treating the Veteran's neck pain until approximately December 2009. The Board finds these opinions to be inadequate because they relied on an incomplete, and, therefore, inaccurate, history. See Reonal v. Brown, 
5 Vet. App. 458, 461 (1993) (holding that an opinion based upon an inaccurate factual premise has no probative value). These examiners reported no symptoms of a cervical spine disorder from service separation in April 2006 until December 2009, despite the Veteran's multiple lay statements reporting neck pain during service and since service separation. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). 

In addition, the rationale for these opinions shows that the examiners failed to recognize the Veteran's lay statements indicating post-service symptoms of a cervical spine disorder prior to 2009, instead relying only on the absence of VA treatment records as proof of lack of symptoms. See Buchanan, 451 F.3d at 1337 (lack of contemporaneous medical records does not serve as an "absolute bar" to the service connection claim); Barr v. Nicholson, 21 Vet. App. 303 (2007) ("Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms").

In Walker v. Shinseki, the Federal Circuit held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic under 38 C.F.R. § 3.309(a). While the Veteran's cervical neck strain is not a chronic disease listed under 38 C.F.R. § 3.309(a), as indicated above, the Board has nonetheless found the evidence at least in equipoise on the question of whether the Veteran had cervical spine disorder symptoms that began during service and continued since service separation, thus tending to show direct service incurrence. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a), (d). As discussed below, the Board is granting the service connection claim based on evidence, including that pertinent to service, which establishes that the cervical spine strain began in service, so was "incurred in" service. The finding that the Veteran has had cervical spine disorder symptoms since service is supportive of the claim overall because it tends to show that the same symptoms that began during service were the basis for the later diagnosed cervical spine strain. See Clyburn v. West, 12 Vet. App. 296, 301 (1999) (a veteran is competent to testify regarding continuous joint pain since service).

The weight of the competent evidence is at least in relative equipoise on the question of whether the current cervical spine strain is related to service, that is, was incurred in service. The evidence reflects that during service the Veteran complained of, and was treated for, neck pain (diagnosed as cervicalgia), which the Veteran attributed to uncomfortable posture while working as a dental assistant. Available treatment (medical) records and the Veteran's lay statements reflect that the Veteran has consistently complained of, and sought treatment for, neck pain since service separation that the Veteran has continually attributed to in-service work as a dental assistant. Such evidence tends to show that the symptoms of cervical spine strain had onset during service, that is, shows that cervical spine 

strain was "incurred in" active service. See 38 C.F.R. § 3.303(d). For these reasons, and resolving reasonable doubt in the Veteran's favor, the Board finds that the criteria for service connection for cervical spine strain have been met. 
38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for cervical spine strain is granted.





____________________________________________
J. PARKER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs